· 31 C.C.P.A. (Patents)

## In re HAMILTON.

### Patent Appeal No. 4867.

Court of Customs and Patent Appeals.

May 22, 1944.

Archworth Martin, of Pittsburgh, Pa., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before BLAND, Acting Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellant filed an application in the United States Patent Office for a patent alleging "a new and useful improvement in Grinding and Polishing Apparatus." All of the claims, 12 to 16 inclusive, were rejected by the Primary Examiner as unpatentable over the prior art, and upon appeal the Board of Appeals affirmed the examiner's decision. Appellant then appealed here.

Claim 12 is illustrative of the subject matter involved and reads as follows:

"12. Surfacing apparatus comprising a shaft, a hub mounted on the shaft, a pneumatic drum of cylindrical shape fitting around the hub and having radially-spaced coaxial walls and end walls, that form an annular air chamber, the annulus and the end walls of the drum being resilient, surfacing material on the periphery of the drum, end plates connected to the hub in position to normally be engaged by the end walls of the air chamber, whereby the end walls are supported against axially-outward deflections under axial thrusts, but may flex inwardly toward the mid portion of the drum, and means for maintaining air pressure in the said chamber to hold the drum tightly against the hub and to resist grinding pressure, the drum being of substantially greater diameter than the end plates."

The references cited by the examiner are: Webster, 493,002, March 7, 1893; Knill, 683,122, September 24, 1901; Herder, 1,444,-314, February 6, 1923; Reed, 2,017,163, October 15, 1935; Hamilton, 2,113,836, April 12, 1938; Mall, 2,116,272, May 3, 1938.

In addition to the art cited by the examiner the Board of Appeals relied upon the patent to Fleming, 2,215,692, September 24, 1940. Appellant has not questioned the propriety of the reference by the board to the Fleming patent.

The application relates to the art of surfacing by abrasion and polishing, particularly to the employment of work-engaging rollers having abrasive and buffing surfaces. Appellant discloses an apparatus comprising two rolls between which sheet material passes for the purpose of having its surfaces smoothed or polished. Each roll is mounted on a shaft surrounded by a hub with radially extending flanges at its ends. An inflatable member, preferably of rubber, surrounds the hub between the flanges, and is kept under constant air pressure supplied through a passage in the shaft and a tube extending radially therefrom to the end of said member, the outer wall of which may taper in thickness from the middle to the ends, and the outer surface of which is coated with abrasive material.

The examiner rejected claims 12, 13, 15 and 16 as being fully met by the patent to Hamilton and further rejected them as defining nothing patentable over the Mall or Knill references in view of the same

patent. Claim 14 was rejected as not being patentable over the patent to Hamilton in view of any one of the patents to Reed, Herder or Webster. The Knill, Herder, Reed and Mall patents are cumulative and need not be considered in detail.

The patent to Hamilton relates to polishing apparatus said to be particularly adaptable for the polishing of articles having irregular curves and thicknesses, and discloses a device comprising two rolls each of which may include a hub portion surrounded by a pneumatic element having its outer surface coated with abrasive material. The ends of the hubs are provided with end flanges against which the pneumatic members abut, and said members have inlet valves to provide a desired quantity of air. The appellant here is the patentee of that patent.

The Webster patent relates to a rotary buffing or polishing wheel, particularly adapted for burnishing or polishing heels and other parts of boots and shoes. It discloses a pneumatic tire-shaped buffer the interior of which is supplied with air through a passage in the shaft upon which it is mounted. A constant air pressure is provided in the buffing wheel by the shaft driving means.

The Fleming patent relates to a finishing and polishing apparatus for surface treating of articles or stock being prepared for the application of surface coating material. It discloses a pneumatic surfacing element having its outer wall tapered from the middle to the ends thereof.

In our opinion claim 12 is readable on the device of the Hamilton patent, which discloses every limitation of that claim. It is true that in one of the figures of the patent the drum is not mounted on a hub but directly on the shaft. However, another of the figures clearly discloses a hub with end flanges which could only be used in the device by passing a shaft through the hub.

Appellant contends the patent does not state that the hub flanges restrain the outward axial movement of the end walls of the drum as recited in the claim. However, when the drum member of the patent is inflated the flanges would inherently restrain outward axial movement of the end walls of the drum, at least insofar as they extend along the walls. The flanges of the patent do not cover the end walls of the pneumatic member of the patent device to the same extent as the corresponding member of the device of the application, but we do not think it would involve invention to broaden the flanges of the patent device if further end wall restraint of the pneumatic member were desired.

Claim 13 contains the added limitation that the outer wall of the drum tapers "from greater thickness near its medial transverse plane to lesser thickness at its ends." The device of the Hamilton patent contains in the pneumatic member ribs the contour of which tapers from the middle to the ends of said member, and the disclosure of the Fleming patent shows it to be old in the art to taper the wall uniformly from its middle to its ends.

Claims 15 and 16 in addition broadly define means for the constant maintenance of a supply of air in the inflatable member. The air inlet valve in the device of the Hamilton patent meets such broad limitation.

Claim 14 recites a specific means for supplying air pressure "comprising a pressure supply conduit rotatable with the shaft while connected with a source of pressure and detachably connected to the air chamber, through an end wall of the drum." Such air pressure supply means is shown to be old in the device of the Webster patent and could if so desired be readily substituted for the air supply means of the device of the Hamilton patent.

In our opinion it would not require more than the skill of the ordinary mechanic to construct the device of appellant in view of the prior art.

The decision of the Board of Appeals is affirmed.

Affirmed.

GARRETT, P. J., took no part in the consideration or decision of this case.

LENROOT, J., sat during the argument but resigned before the opinion was prepared.